# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON QUIJEDA,<br><br>          Plaintiff,<br><br>v.<br><br>LOPEZ, et al.,<br><br>          Defendants. | **Case No. 1:17-cv-01162-SKO (PC)**<br><br>**ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING ACTION WITHOUT PREJUDICE PURSUANT TO 28 U.S.C. § 1915(e)(2)(A)**<br><br>**(Doc. 1, 2)** |

Plaintiff, Jason Quijeda, is a state prisoner proceeding *pro se* in this action pursuant to 42 U.S.C. § 1983. On August 29, 2017, Plaintiff filed this civil rights action along with a motion to proceed *in forma pauperis*. Plaintiff included a report of activity in his inmate trust account for the six months prior to initiating this action with his *in forma pauperis* application. (Doc. 2, p. 4.) That report indicates that during the six month period before this action was filed, Plaintiff received an average of $248.32 each month, and that the month before filing this suit, Plaintiff received income totaling $503.68. (*Id.*) That report also shows that, in that same time, Plaintiff spent an average of $274.14 each month. (*Id.*)

Thus, on August 31, 2017, an order issued for Plaintiff to show cause why the case should not be dismissed because of his untrue allegations of poverty in filing for *in forma pauperis* status. (Doc. 5.) Plaintiff provided a timely response explaining that he received the Director's Level response to the inmate appeal on the issues raised in this case earlier than he expected. (Doc. 6.) Plaintiff thought it would take about twelve months from submission of the appeal for

1

that decision to issue, and planned on saving sufficient funds to cover the filing fee during this period. (*Id.*) Plaintiff states he would not have spent the funds from his inmate trust account in August of 2017 if he had known his appeal had been fully exhausted. (*Id.*)

As stated in the order to show cause, proceeding "*in forma pauperis* is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965). While a party need not be completely destitute to proceed *IFP*, *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948), "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Doe v. Educ. Enrichment Sys.*, No. 15cv2628-MMA (MDD), 2015 U.S. Dist. LEXIS 173063, *2 (S.D. Cal. Dec. 30, 2015) (citing *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984)). A party need not be completely destitute to proceed *in forma pauperis*. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). However, "[i]f an applicant has the wherewithal to pay court costs, or some part thereof, without depriving himself and his dependents (if any there be) of the necessities of life, then he should be required, in the First Circuit's phrase, to 'put his money where his mouth is.'" *Williams v. Latins*, 877 F.2d 65 (9th Cir. 1989). The court is required to "dismiss the case at any time if the court determines the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

In sum, to proceed *in forma pauperis*, a plaintiff need not demonstrate that he is completely destitute, but his poverty must prevent him from paying the filing fee and providing his dependents with the necessities of life. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). A "'showing of something more than mere hardship must be made.'" *Nastrom v. New Century Mortg. Corp.*, No. 11-cv-1998, 2011 WL 7031499, at *1 (E.D. Cal. Dec. 7, 2011) (quoting *Martin v. Gulf States Utilities Co.*, 221 F.Supp. 757, 759 (W.D. La.1963)), report and recommendation adopted by, 2012 WL 116563 (E.D. Cal. Jan.12, 2012). Plaintiff is currently incarcerated. Thus, the State of California is paying for Plaintiff's daily necessities and Plaintiff has made no showing that he is responsible for providing the necessities of life to any dependents. *Williams*, 877 F.2d 65.

This Court is entitled to honor an inmate's decision to use available funds for expenditures which the inmate considered more worthwhile than payment of a federal court's filing fee. *See Olivares*, at 112, (quoting *Lumbert v. Illinois Department of Corrections,* 827 F.2d 257, 260 (7th Cir. 1987) (Noting peanut and candy "comforts" purchased in the prison commissary; "If the inmate thinks a more worthwhile use of his funds would be to buy peanuts and candy ... than to file a civil rights suit, he has demonstrated an implied evaluation of the suit that the district court is entitled to honor.").) Here, Plaintiff clearly prioritized purchases, in the prison commissary or elsewhere, over the obligation to pay the filing fee in this action as he had over $500.00 in deposits to his account at his disposal the month before he filed this action. Rather than pay the filing fee for this action, it appears Plaintiff spent it for his own comforts, intending to save money thereafter to cover the filing fee. This does not suffice as a showing poverty upon which to grant *in forma pauperis* status. Approval of Plaintiff's application to proceed *in forma pauperis* is not warranted as Plaintiff was not impoverished for purposes of 28 U.S.C. § 1915 when he filed his application. Dismissal without prejudice is required and Plaintiff must pay the $400.00 filing fee in full to litigate his claims.

Accordingly, the Court HEREBY ORDERS that Plaintiff's motion to proceed *in forma pauperis,* filed on August 29, 2017, is DENIED and this action is DISMISSED[1] without prejudice to Plaintiff's re-filing the claims in this action in another suit, accompanied by the $400.00 filing fee.

IT IS SO ORDERED.

Dated:  **September 19, 2017**           /s/ *Sheila K. Oberto*
                                          UNITED STATES MAGISTRATE JUDGE

---

[1] Since Plaintiff's claims are based on events which allegedly occurred in June and July of 2016, the statute of limitations has not lapsed and does not bar the dismissal of this action without prejudice.